UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL D. MITCHELL,

    Plaintiff,

v.                                                          ACTION NO. 2:24cv308

MAYFLOWER TRANSIT, LLC,

    Defendant.

## OPINION AND ORDER

This matter is before the court on defendant's, Mayflower Transit, LLC ("Mayflower), motion to strike plaintiff's, Michael D. Mitchell ("Mitchell"), expert disclosures of his restoration and furniture repair expert, Kelley Weathersby, his damages expert, Crash Champions, and his residential moving expert, Shamuan Powell. ECF No. 20; *see* ECF No. 20-1, App'x. I, Exs. A–C. The matter concerns Mitchell's suit alleging that Mayflower, a moving company, damaged certain household items during Mitchell's move from Iowa to Virginia in July–August 2023. ECF No. 1-1, at 2; ECF No. 11-2, at 1. Mayflower asserts that Mitchell released any claim he had against Mayflower after he negotiated a Mayflower claim check with an endorsement release sent to him as a settlement for his damage claim. ECF No. 11-1, at 1.

As the motions are fully briefed and no hearing is necessary, this matter is ripe for review. For the reasons discussed below, Mayflower's motion to strike is **GRANTED**.

### I.     BACKGROUND

On May 13, 2024, Mayflower removed this suit alleging damages to household goods in interstate commerce to this Court. The Court issued a scheduling order on October 1, 2024. ECF

No. 7. The scheduling order directed the party with the burden of proof to identify expert witnesses on January 21, 2025, and to provide expert disclosures under the Federal Rule of Civil Procedure 26(a)(2)(B) on February 21, 2025. ECF No. 7, at 2. The Court ordered discovery to close on March 28, 2025, and set trial for August 19, 2025. *Id.* at 1–2.

On January 21, 2025, Mitchell filed a motion to extend the date for his expert disclosures. ECF No. 12. Mayflower opposed the motion to extend. ECF No. 16. On February 12, 2025, the Court held a hearing on the motion and modified the scheduling order to extend the deadline for identifying experts to February 18, 2025, and the deadline for Rule 26(a)(2)(B) expert disclosures to March 4, 2025. ECF No. 19, at 1.

Mitchell made his expert disclosures on March 3, 2025. ECF No. 20, at 2; ECF No. 20-1. On March 7, 2025, Mayflower filed a motion to strike Mitchell's expert disclosures, claiming that the disclosures are deficient and fail to meet the standards set forth in Federal Rule of Civil Procedure 26(a)(2)(B). ECF No. 20, at 2. Pursuant to Local Civil Rule 27(e), the parties met and conferred on the matter but could not reach an agreement. *Id.* On March 25, 2025, Mitchell filed an untimely response to the motion to strike and Mayflower replied on March 26, 2025. ECF Nos. 21, 24.

## II. DISCUSSION

### A. Rule 26(a)(2)(B), Rule 37(c)(1), and Expert Disclosures

Federal Rule of Civil Procedure 26(a)(2)(B) provides the following with respect to expert disclosures:

> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

2

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). "The most important element of the Rule 26 analysis is whether the report prepared by [the expert] contains a complete statement of his opinions and the bases for his opinions." *Washington v. McKee*, No. 4:06cv6, 2006 WL 2252064, at *2 (E.D. Va. Aug. 3, 2006) (quoting *Campbell v. McMillin*, 83 F. Supp. 2d 761, 764 (S.D. Miss. 2000)). Such detail avoids the disclosure of "sketchy and vague" expert information. *Id.* (quoting *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996)). "Expert reports 'must include "how" and "why" the expert reached a particular result, not merely the expert's conclusory opinions.'" *Id.* (citing *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)).

Federal Rule of Civil Procedure 37(c)(1) provides sanctions if a party fails to disclose information required by Rule 26(a).

> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i) —(vi).

Fed. R. Civ. P. 37(c)(1).

When determining whether nondisclosure of evidence is substantially justified or harmless, the Court is guided by the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (quoting *S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596–97 (4th Cir. 2003)). The party facing sanctions for failure to comply with Rule 26 has the burden of establishing that the nondisclosure was substantially justified or harmless. *Campbell v. United States.*, 470 F. App'x 153, 156 (4th Cir. 2012). Courts are given wide latitude when determining whether sanctions pursuant to Rule 37 are appropriate.

> Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case. For this reason, we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).

*Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278–79 (4th Cir. 2005) (citation and internal quotation omitted).

**B.   The reports in Mitchell's expert disclosures for Kelley Weathersby, Crash Champions, and Shamuan Powell do not comply with Rule 26(a)(2)(B).**

Mitchell's expert witness disclosures for all three of his experts are deficient under Rule 26(a)(2)(B) because he has failed to include a complete statement of each expert's opinions and the bases of those opinions. *See Washington*, 2006 WL 2252064, at *2. Further, the reports lack most of the elements required by the Rule, including exhibits that will be used to support the expert testimony, information relating to the qualifications of the experts, cases in which they have

4

testified, publications, and their rate of compensation. ECF No. 20-1; Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi).

### 1. Kelley Weathersby

Mitchell's expert disclosure for his restoration and furniture repair expert, Kelley Weathersby, consists entirely of Weathersby's inspection report of Mitchell's damaged items. ECF No. 20-1, at 6–23. The report lists the items inspected, provides images of the items, describes the condition of the items, and estimates the cost for any repairs. *Id.* While the report includes statements such as "damage appears to be new and transit related" and "economically unrepairable," the report does not include the bases and reasons for these statements. *See id.*; Fed. R. Civ. P. 26(a)(2)(B). Nor does the report present facts or data beyond the photographs and descriptions of the items that Weathersby considered in forming her conclusions about the cause of the damage and the viability of repairs. *See* Fed. R. Civ. P. 26(a)(2)(B). Thus, these statements are conclusory opinions and are insufficient for an expert disclosure. *See Washington*, 2006 WL 2252064, at *2. The report is also insufficient because it merely provides the inspection findings generally and fails to specify the opinions that Weathersby will express in her expert testimony. *See* Fed. R. Civ. P. 26(a)(2)(B).

Weathersby's expert disclosure also fails to include the following elements: (1) the exhibits that will be used to summarize her opinions; (2) Weathersby's qualifications, including a list of publications authored in the previous 10 years; and (3) a list of all other cases in which, during the previous 4 years, Weathersby has testified as an expert at trial or by deposition. *See id.* At the end of the report, Weathersby notes an inspection fee calculated from the number of items inspected, the time required on location, the time required for research on some items, and the time to prepare the report. ECF No. 20-1, at 21. Even so, the fee does not qualify as a statement of

compensation under the Rule because it does not indicate the compensation to be paid for the testimony in the case. *See* Fed. R. Civ. P. 26(a)(2)(B)(iv). For these reasons, the substance of Mitchell's Rule 26(a)(2)(B) expert disclosure for Kelley Weathersby fails to meet the elements required by the Rule.

### 2. Crash Champions

Mitchell's disclosure for his damages expert, Crash Champions, is an inadequate expert disclosure, because, in addition to lacking all the elements required under Rule 26(a)(2)(B), the report does not identify an expert witness.[1] ECF No. 20-1, at 25–26. Mitchell lists Crash Champions as his damages expert and fails to disclose a particular witness who will testify on the company's behalf. *Id.* at 3.

Moreover, the report itself, consists of a two-page quote for the refinished gun safe that was among the items allegedly damaged by Mayflower and does not provide any of the elements required for a Rule 26(a)(2)(B) expert disclosure. *Id.* at 25–26. The disclosure lacks (1) a complete statement of opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming their opinions; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case. *See* Fed. R. Civ. P. 26(a)(2)(B). Therefore, Mitchell's expert disclosure for Crash Champions is deficient.

---

[1] Mitchell's expert report for Crash Champions lists Matt Santarelli as the estimator of the quote for the gun safe; however, the expert disclosure designates Crash Champions as Mitchell's expert. *See* ECF No. 20-1, at 3, 25–26.

6

### 3. Shamuan Powell

Mitchell's disclosure for his residential moving expert, Shamuan Powell, consists of a report written by Powell listing descriptions of damaged items that he observed during the unloading of the items from Mayflower's moving truck. ECF No. 20-1, at 28–30. Powell states that "several items were observed to have sustained damage while being removed from the semi truck's dry van trailer." *Id.* at 28. He notes that many of the damaged items were unwrapped and unsecured when the truck doors were opened. *Id.* Powell concludes from these observations that the items "were not wrapped to [his] standards." *Id.* That said, he fails to provide a basis for this opinion. *Id.* The report provides neither an explanation of the standards by which he evaluated the items nor the reasons why the manner in which the items were secured failed to meet his standards. Consequently, his observational statements are merely conclusory opinions and fail to meet the requirements of Rule 26(a)(2)(B) expert disclosures. *See Washington*, 2006 WL 2252064, at *2 (citing *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) ("Expert report reports 'must include "how" and "why" the expert reached a particular result, not merely the expert's conclusory opinions.'")).

Like Mitchell's expert disclosures for Weathersby and Crash Champions, Powell's report lacks many of the other elements required by Rule 26(a)(2)(B): (1) a complete statement of all the opinions Powell will express in his testimony; (2) any exhibits that will be used to summarize or support Powell's opinions; (3) Powell's qualifications, including a list of all publications authored in the previous 10 years; (4) a list of all other cases in which, during the previous 4 years, Powell has testified as an expert at trial or by deposition; and (5) a statement of the compensation to be paid for the study and testimony in the case. *See* Fed. R. Civ. P. 26(a)(2)(B). Consequently, Powell's report is deficient under Rule 26(a)(2)(B).

Considering the substance of the reports produced in Mitchell's expert disclosures, the Court concludes that each purported expert report disclosed by Mitchell failed to comply with the requirements of Rule 26(a)(2)(B).

## C. The Court will strike Mitchell's expert disclosures under Rule 37(c)(1).

Mitchell's inadequate expert disclosures are neither substantially justifiable nor harmless considering the circumstances. *Wilkins*, 751 F.3d at 222. Mitchell has not yet explained his deficient disclosures, nor has he attempted to cure his error. ECF No. 24, at 3. On March 25, 2025, Mitchell filed an untimely opposition to Mayflower's motion to strike, in which he did not respond to the issues addressed in Mayflower's motion and instead indicated he would request a nonsuit.

> Rather than disputing the facts, which are basically not in dispute, the one matter that is a problem is that the Plaintiff wanted to use Kelley Weathersby, of Craftmanship by Weathersby's report to act as its expert disclosure. The Defendant has objected and claims that she is their expert. As such, the Plaintiff is going to have to get a new expert, which is going to take us well beyond the parameters of the court's timeline for this case, which the Plaintiff found to be best rectified by bringing a motion to voluntarily dismiss[.]

ECF No. 21, at 1. Mayflower's deadline to disclose rebuttal witnesses was March 25, 2025, discovery closed on March 28, 2025, and expert discovery closed on April 4, 2025. Although the Court granted Mitchell's request to extend the deadline for disclosure of expert witnesses, it did not extend discovery deadlines. ECF No. 19, at 1. Due to Mitchell's initial request to extend the expert disclosure deadline and his untimely response to Mayflower's motion to strike, Mayflower's ability to complete discovery and prepare its expert witnesses for trial has been impacted. *See* ECF No. 20, at 5; *Saudi*, 427 F.3d at 278–79.

Therefore, Mitchell's failure to timely disclose expert reports is neither substantially justified nor harmless, and it is within this Court's discretion to impose sanctions. *See* Fed R. Civ.

8

P. 37(c)(1). The three documents disclosed as Mitchell's "expert reports" consist of an inspection report from the time of the loss, a repair estimate, and an email listing damaged goods. Considering the available sanctions and Mitchell's lack of any substantive opposition to the motion, the Court grants Mayflower's motion to strike Mitchell's expert disclosures.

### III.  CONCLUSION

For these reasons, Mayflower's motion to strike Mitchell's expert disclosures, ECF No. 20, is **GRANTED**.  Pursuant to Rule 37(c)(1), Mitchell is not allowed to use these witnesses as experts at trial.  The Clerk shall deliver a copy of this opinion and order to counsel of record.

_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
April 14, 2025